UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Currency $19,315.18 from Bank of
America Account #: 237033591854,

    Defendant.
_____/

Case No. 18-11307
Honorable Victoria A. Roberts

## ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

### I. INTRODUCTION

The Government moves to enforce the settlement agreement entered on October 6th, 2022 with Claimant Edrea Mann. [ECF No.23]. The Court **GRANTS** the motion.

### II. BACKGROUND

This case stems from a criminal healthcare fraud investigation involving businesses owned by Mann's family. During its investigation, the Government filed a complaint alleging that the defendant *in rem* was subject to forfeiture. Mann filed a claim to the property.

On September 21, 2018, this Court —on stipulation of parties— issued an order to close this case for administrative purposes. The ruling allowed either party to reopen the case if the criminal or civil forfeiture investigation resolved. On February 23, 2022, the Government moved to reopen because the criminal investigation concluded. The Court granted that motion and referred parties to a settlement conference.

The parties engaged in settlement discussions with Magistrate Judge Elizabeth A. Stafford. Mann fired her attorney and appeared at the settlement conference *pro se*. After two hours, the parties reached agreement. Under the arrangement, the Government would return the seized $19,315.18 to Mann. The Government also agreed to give Mann search warrants related to the now-completed criminal investigation. Mann retained her right to seek attorney fees.

Following the conference, the Government gave Mann the search warrants and emailed a proposed stipulated order. It included the material terms agreed upon during settlement discussions. Mann refuses to sign it.

Mann wants the money, but now she asks for an evidentiary hearing on Judge Stafford's impartiality and whether she is entitled to get to "the truth" underlying the Government's investigation of her family.

### III. ANALYSIS

The Government moves the Court to enforce the settlement agreement. Mann says it is unenforceable and void because: (1) there are material facts in dispute, and the Court must hold an evidentiary hearing before enforcing the agreement; (2) the agreement is a contract, but there was no consideration, making the agreement unenforceable; (3) Magistrate Judge Stafford should not have been involved in the settlement discussions because she signed warrants in the criminal investigation; (4) her prior counsel took unauthorized actions; (5) the Government used false pretenses to get her to settle and; (6) she has been denied due process.

The Court is mindful of its duty to "liberally construe the briefs of *pro se* litigants" and apply "less stringent standards" than to parties represented by counsel. *Bouyer v. Simon*, 22 Fed.Appx. 611, 612 (6th Cir. 2001). However, none of Mann's arguments survives, even under this less stringent standard.

### A. The Agreement is Enforceable

Courts retain the inherent power to "enforce agreements entered in settlement of litigation pending before them." *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976). Before enforcing a settlement

agreement, a district court must conclude that the parties agreed on all material terms. *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir.1988). Once the district court finds an agreement on the material terms, it must enforce them and may not alter them. *Id.*

Mann accepts the court's power to enforce agreements. However, she says that because there are contested material facts, this Court must first hold an evidentiary hearing. She primarily relies on the Sixth Circuit's decision in *Kukla v. Nat'l Distillers Prod. Co., 483 F.2d 619, 622 (6th Cir. 1973)*. Her reliance on *Kukla* is misplaced.

The issue in *Kukla* was whether a settlement agreement even existed. The parties disagreed about settling, and the court had no sworn statements or a record of the agreement to rely upon. Rather than accept one party's word over the other, the Sixth Circuit held that when material facts "*concerning the existence of an agreement to settle* are in dispute," enforcing the alleged agreement without a hearing is improper. *Id. at* 622 (emphasis added). Here, an agreement was entered into and is a matter of record. [ECF No. 20].

The agreement did not include an evidentiary hearing, discovery, or unsealing criminal records. The agreement was not contingent on Mann's review of the warrants. Mann and the Government agreed to enter a

4

stipulation dismissing the Government's forfeiture case, returning all seized monies to Mann, and giving Mann the warrants she requested. [ECF No. 20, PageID.89-90]. Magistrate Judge Stafford asked Mann if these terms were correct. Mann affirmed. The Court will enforce.

### A. Mann's Remaining Contentions

The other issues Mann raises are unavailing. She says there was no consideration, so the agreement is unenforceable under contract law. She is incorrect.

Under Michigan law, consideration is present when there is a "benefit on one side, or a detriment suffered, or a service done on the other." *Plastray Corp. v. Cole*, 324 Mich. 433, 440, 37 N.W.2d 162 (1949). Mann's benefit is the Government's promise to release $19,315.18 to her and give her search warrants from the criminal investigation. She can also seek attorney fees.

Next, Mann suggests that Magistrate Judge Stafford should have recused herself because she approved search warrants in the criminal investigation. While a judge should recuse herself in any proceeding where her impartiality might be reasonably questioned, *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990), it is unreasonable to question Judge Stafford's impartiality simply because she approved warrants. Judicial

rulings seldom serve as a valid basis for recusal. *Amadasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008). Just because Magistrate Judge Stafford signed warrants for emails—years ago, in a case involving multiple search warrants—does not mean she should have recused herself from presiding over settlement discussions.

Third, Mann claims that the Government had an unconscionable advantage over her during settlement discussions because she proceeded *pro se*. Many choose to represent themselves. And an imbalance in power or sophistication alone does not create an unconscionable advantage. *Allen v. Michigan Bell Tel. Co.*, 18 Mich.App. 632, 637, 171 N.W.2d 689 (1969).

To be deemed unconscionable under Michigan law, the agreement needs to give the weaker party no realistic alternative but to accept the terms. *Id*. Those terms must also be substantively unreasonable. *Id*. Mann offers no evidence that suggests that the Government forced her to accept the terms of the settlement. Further, the terms of the settlement are not unreasonable. To the contrary, they are reasonable and advantageous to Mann.

Also, Mann claims her attorney agreed to administratively close the case without her consent. That closing is not relevant to this settlement.

Finally, Mann claims the Government obtained her agreement to settle under false pretenses and denied her due process. She offers no facts to support these claims.

**CONCLUSION**

The Court **GRANTS** the Motion to Enforce Settlement Agreement. [ECF No. 23]. The Court orders Mann to sign the Stipulation Seeking Orders. [ECF No. 24-4].

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 30, 2023