UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Case No. 18-11307
                              Honorable Victoria A. Roberts

Currency $19,315.18 from Bank of
America Account #: 237033591854,

    Defendant.
_____/

## ORDER DENYING CLAIMANT EDREA MANN'S REQUEST FOR RECONSIDERATION

### I. INTRODUCTION

On January 30, 2023, the Court entered an order enforcing the settlement agreement between Claimant Edrea Mann and the Government. Before the Court are Mann's "objections" to that order [ECF No.29,30].

She does not base her objections on any federal or local rule and her papers do not comply with Local Rule 5.1 (a)(2). The motion's title and content suggest that Mann requests the Court reconsider its decision. Such a request is permissible under Federal Rule of Civil Procedure 60(b).

The Court liberally construes Mann's *pro se* objections as a Rule 60(b) motion for reconsideration and **DENIES** it in full. *Bouyer v. Simon*, 22 Fed.Appx. 611, 612 (6th Cir. 2001).

## II. BACKGROUND

Throughout her papers, Mann attempts to turn the Court's attention to a criminal health care fraud investigation into businesses owned by her family. She believes the Government lacked any basis to initiate a criminal investigation. No charges were filed but Mann believes the investigation irreparably harmed the businesses. The Court acknowledges Mann's dissatisfaction with the Government. However, this case—although related—does not concern that investigation.

The narrow issue before the Court is the settlement agreement concerning the forfeiture claim.

On October 6, 2022, Mann and the Government settled. The Government agreed to return the seized $19,315.18. The material terms of the settlement agreement were put on the record at a hearing in front of Magistrate Judge Elizabeth Stafford. After the hearing, the Government gave Mann a proposed order reflecting the terms. Mann refused to sign it.

On November 9, 2022, the Government moved to enforce the settlement agreement. The Court granted the motion and ordered Mann to sign it. She still has not done so and asks the Court to reconsider its order.

### III. LAW AND ANALYSIS

A plaintiff may move for relief from a final judgment under Federal Rule of Civil Procedure 60(b). A claim of legal error in the underlying judgment falls within the definition of mistake under Rule 60(b)(1). *United States v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002). Mann's objections suggest she believes the Court made mistakes in: (1) equating the agreement placed on the record with the proposed order; (2) determining that Magistrate Judge Stafford properly presided over the settlement negotiations, and; (3) making certain factual findings.

#### A. Mann Agreed to the Material Terms in the Proposed Order, and Her Factual Objections Are Immaterial.

Mann suggests that because the proposed order includes terms she did not specifically agree to on record, the Court is mistaken in enforcing it.

The crux of her argument is that parties need to agree on everything in an agreement for it to be enforceable. This position is contrary to law.

Parties need not agree on every term for a settlement agreement to be enforceable. Instead, the Court determines whether parties agreed on

3

*material terms*. If so, the agreement is enforceable. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir.1988). What terms are material is a matter of contract law and is governed by substantive state law. *Bamerilease Cap. Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992).

In Michigan, material terms are those that go to the essence of the contract. *Wojnar v. Wojnar*, No. 257322, 2006 WL 473789, at *5 (Mich. Ct. App. Feb. 28, 2006). Courts consider the nature of the contract, expressions of the parties, and circumstances of the agreement in evaluating what terms go to the essence of the contract. *Id. See also Kojaian v. Ernst*, 177 Mich. App. 727, 731, 442 N.W.2d 286, 288 (1989) (defining the contract's material terms to sell land by the nature of the contract, the intent of the parties, and the circumstances surrounding the agreement); *W.A.G.S. Health Servs., Inc. v. Total Health Care, Inc.*, No. 183937, 1997 WL 33343381 (Mich. Ct. App. Feb. 26, 1997) (finding that time frame was a material term of the agreement to re-open, reorganize, and manage a hospital, because the circumstances and intent of the parties.) Here, the nature of the agreement, expressions of the parties, and the circumstances of the agreement are clear from the record.

Mann and the Government created an agreement to settle this forfeiture action. They expressed their intentions at the October hearing:

4

Mann and the Government wanted to enter into a binding agreement that ensured the Government returned the money to Mann and gave her search warrants. They also intended to preserve Mann's right to seek attorney fees, the Government's right to move for a certificate of good cause, and Mann's right to oppose it.

Paragraphs 1-4,6 and 7 reflect these expressions, the nature of the agreement, and the surrounding circumstances. [ECF No. 24-4, PageID.167-9], Those are the material provisions. The record demonstrates that Mann and the Government agreed to them. [ECF No. 20].

In enforcing this agreement, the Court declines to entertain Mann's line-by-line objections to every provision of the agreement not stated on the record. These objections are largely immaterial. If a Government admission of fault, how the Government returned the money, or certain factual findings were material, Mann could have expressed their importance at the hearing—like she did when she requested the warrants.

### B. Magistrate Judge Stafford Properly Presided Over the Settlement Hearing.

Mann repeats her contention that Magistrate Judge Stafford should have recused herself. She suggests that Judge Stafford held some bias towards her after reading affidavits and signing warrants in the health care

fraud investigation years ago. Her suggestions are insufficient to support recusal.

A judge may form opinions based on facts introduced in prior proceedings. *See United States v. Adams,* 722 F.3d 788, 837 (6th Cir. 2013)*.* A judge may even make critical, disapproving, or hostile comments toward a party. *Id.* None of these actions requires recusal unless the judge "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." 28 U.S.C.A. § 455(a), (b)(1). *See also Adams, 722 F.3d 788*.

The facts of this case do not support Judge Stafford's recusal. Mann presents no evidence of deep-seated favoritism or antagonism. She fails to highlight any biased act or omission. She offers only her subjective belief that Magistrate Judge Stafford's impartiality is questionable because of the warrants she signed.

Mann's lack of objective evidence is fatal to her claim. *See United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) ("the judge need not recuse [herself] based on the 'subjective view' of a party no matter how strongly that view is held.")

## IV. CONCLUSION

The Court **DENIES** Mann's motion. She must sign the proposed stipulation, [ECF No 24-4]. Failure to sign the stipulation may result in the Court holding Ms. Mann in contempt or in the imposition of other sanctions.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 8, 2023