UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Currency $19,315.18 from Bank of
America Account #: 237033591854,

    Defendant.
_____/

Case No. 18-11307
Honorable Victoria A. Roberts

**ORDER: (1) GRANTING THE GOVERNMENT'S MOTION FOR ISSUANCE OF CERTIFICATE OF REASONABLE CAUSE [ECF NO. 43] AND (2) GRANTING IN PART AND DENYING IN PART EDREA MANN'S MOTION FOR ATTORNEY FEES [ECF NO. 42]**

## I. Introduction

The Court discussed the background of this case in detail in previous orders. [ECF No. 28, 31]. In short, the government seized Edrea Mann's bank account during a criminal health care fraud investigation into her family members. At the conclusion of that investigation, the government agreed to return the property to Mann.

On October 6, 2022, the parties reached a settlement agreement. The government agreed to give Mann search warrants from the criminal investigation and return the seized money. Although Mann agreed to the terms on record, she refused to sign the written agreement. Her reasons: the

1

government's behavior during the criminal investigation, the magistrate judge's role in granting the search warrant, and the language in the agreement. Months later, Mann signed the settlement agreement.

Under the agreement, the government retained its right to move for a certificate of reasonable cause under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 28 U.S.C. § 2465(a)(2), and Edrea Mann retained her right to move for costs under § 2465(b). Mann and the government filed timely motions and responses in opposition.

The government had reasonable cause to seize Mann's bank account. The Court **GRANTS** the government's motion . Mann is entitled to recover some costs. Her request is **GRANTED** in part and **DENIED** in part.

II.    Discussion

A. Certificate of Reasonable Cause

A certificate of reasonable cause is an order stating the United States and its agents had reasonable cause to seize property. The court may issue a certificate of reasonable cause if such cause existed when the seizure occurred. 28 U.S.C. § 2465(a)(2). If the court does so, "neither the person who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution." *Id.* Reasonable cause...is

essentially...probable cause." See *United States v. One 2003 GMC Sierra 3500 Pickup Truck, Vin: £1GTJK33113F208636*, No. 05-74205, 2012 WL 2502695 (E.D. Mich. June 28, 2012) (*citing United States v. One 1996 Ford Pickup*, 56 F.3d 1181, 1186 (9th Cir.1995) *and Stacey v. Emery*, 97 U.S. 642 (1878)). Probable cause is not a high bar. *United States v. Tagg*, 886 F.3d 579, 585 (6th Cir. 2018); it does not require substantial evidence, only enough to make a fact more likely than not.

The government relies on statements from Special Agent Lyza Bellinger in the Seizure Warrant Affidavit to support its position that the Court should issue a certificate of reasonable cause. It says the affidavit establishes probable cause to seize Mann's bank account. But Mann says Agent Bellinger provided false statements to obtain the warrant.

Magistrate Judge Steven Whalen evaluated the affiant's statements and signed the warrant request. Aside from Mann's unsupported statements, the Court is unaware of any evidence that suggests the statements supporting the warrant were false or that Magistrate Judge Whalen improperly authorized the warrant.

In the absence of such evidence, the Court believes that the "issuance of [the] warrant definitively resolves the question of reasonable cause in the

3

government's favor." *United States v. One 2003 GMC Sierra 3500 Pickup Truck, Vin: £1GTJK33113F208636*, No. 05-74205, 2012 WL 2502695, at *3 (E.D. Mich. June 28, 2012).

## B. Attorney fees

Mann seeks to recover: (1) $14,056.00 in attorney fees billed by John D. Dakmak, (2) reimbursement for 300 hours of pro se litigation at a fair rate assigned by the Court; and (3) post-judgment interest, interest actually paid to the United States from the date of seizure; and imputed interest. (Mann's motion title suggests she is also asking for costs; however, she makes no requests for litigation related costs aside from attorney fees.)

28 U.S.C. § 2465 governs the "[r]eturn of property to [a] claimant; liability for wrongful seizure; attorney fees, costs, and interest" and provides, in pertinent part:

> (b) (1) Except as provided in paragraph (2), in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for—
>
> (A) reasonable attorney fees and other litigation costs reasonably incurred by the claimant;
>
> (B) post-judgment interest, as set forth in section 1961 of this title; and
>
> (C) in cases involving currency, other negotiable instruments, or the proceeds of an interlocutory sale—

4

> (i) interest actually paid to the United States from the date of seizure or arrest of the property that resulted from the investment of the property in an interest-bearing account or instrument; and
>
> (ii) an imputed amount of interest that such currency, instruments, or proceeds would have earned at the rate applicable to the 30–day Treasury Bill, for any period during which no interest was paid (not including any period when the property reasonably was in use as evidence in an official proceeding or in conducting scientific tests for the purpose collecting evidence), commencing 15 days after the property was seized by a Federal law enforcement agency, or was turned over to a Federal law enforcement agency by a State or local law enforcement agency.

28 U.S.C. § 2465(b)(1). The statute does not prescribe how a court should calculate fees. It simply says the government is liable for "reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1)(A). Courts have discretion in fashioning the appropriate award.

The government does not dispute that, as a prevailing party, Mann is entitled to reasonable attorney fees and interest. However, the government contends that Mann's request is impermissible. It believes Mann: (1) fails to properly document her attorney fees; (2) cannot recover costs stemming from her pro se work; and (3) is not entitled to any interest after March 19, 2020, the date the government first offered to return the money and Mann refused it.

5

First, the Court agrees that Mann fails to document her request for attorney fees. She merely attaches a chart that purports to be from Clark Hill PLC. The document lacks any description of legal services, hourly rates, payor information, or indication of who performed the work. The document does not have Mann's name on it. The Court cannot conduct a proper analysis and determine fees based on Mann's chart.

Second, the Court declines to award Mann attorney fees for her own pro se work. When applying fee-shifting provisions, this circuit does not extend attorney fees awards to pro se litigants. *See, e.g., Wright v. Crowell*, 674 F.2d 521, 521-22 (6th Cir. 1982) (holding that a pro se litigant is not entitled to an award of attorneys fees under 42 U.S.C. § 1988)*; see also Kay v. Ehrler*, 499 U.S. 432, 435-36 (1991) (holding that a lawyer who represents himself may not recover attorneys fees under 42 U.S.C. § 1988); See also *Wolfel v. United States*, 711 F.2d 66, 68 (6th Cir. 1983) ("To award an attorney fee where no fee has been incurred [under the Privacy Act and the Freedom of Information Act] constitutes a penalty." Congress did not impose such penalty.)

Third, while Mann is entitled to interest, such an award should be limited to the date when the Mann and the government settled the forfeiture action. After parties settled on October 6, 2022, Mann spent months

6

attempting to negate the agreement. She unilaterally prolonged this litigation. The Court will not hold the government responsible for post-judgment interest after October 6, 2022.

### III. Conclusion

The Court:

(1) **GRANTS** the government's motion for a certificate of good cause;

(2) **DENIES** Mann's request for attorney fees of $14,056.00 **WITHOUT PREJUDICE**;

(3) **DENIES** Mann's request for attorney fees as a pro se litigant and

(4) **GRANTS** in part and **DENIES** in part Mann's request for interest. Mann's interest award must only include:

   a) post-judgment interest **up to October 6, 2022**, pursuant to 28 U.S.C. §1961(a), (b);

   b) interest paid to the United States while it possessed the bank account **up to October 6, 2022**, § 2465(b)(1)(C)(i); and

   c) any imputed interest the bank account would have earned at the rate applicable to the 30–day Treasury Bill **up to October 6, 2022**, for any period during which no interest was paid, commencing 15 days after the bank account was seized. § 2465(b)(1)(C)(ii).

The United States Marshals (USMS) must calculate interest. *See* §1961(a). Following entry of this Order, and after Mann supplies the necessary identifying information—such as the account to which the property released to her will be wired—to the USMS or its delegate, the USMS must disburse the interest amount to Mann. *Id.*

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: 8/25/2023